UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-3046-B |
| | § | |
| GLENDA CURRY and DOUGLAS CURRY, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Glenda Curry and Douglas Curry (collectively, "the Currys")'s Rule 12(b)(6) Motion to Dismiss (Doc. 11). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

### I.

### BACKGROUND[1]

This is a dispute between a property's buyer and the sellers, its former owners. In July 2020 Plaintiff Adam Butler ("Butler") began the process of purchasing the Currys' property in Red Oak, Texas ("the Property"). Doc. 1, Compl., ¶ 8. On the Property is a fishing pond ("the Pond") with a dock. *Id.* If the Pond's water level gets too high and the dock becomes flooded, the Property owner can open an overflow valve ("the Valve") in the pond to release water into a natural creek ("the Creek") that runs along one side of the Property. *Id.* The Creek separates the Property from some nearby homes ("the Neighboring Properties"). *Id*. Unbeknownst to Butler when he purchased the

---

[1] This factual statement is derived from Plaintiff's Complaint (Doc. 1).

Property, opening the Valve and releasing water into the Creek allegedly causes flooding at the Neighboring Properties. *Id.* ¶ 13.

Butler learned of this flooding issue in May 2021, when he used the Valve after the Pond flooded the dock following heavy rains and the angry owners of the Neighboring Properties came to confront him. *Id.* The neighbors "informed [Butler] that they had demanded the Currys address the issue during the previous rainy season . . . [and that] approximately two months before [Butler had] approached the Currys . . . regarding purchasing the Property, the owners of the Neighboring Properties: (a) hired a lawyer, (b) sent the Currys a cease-and-desist letter, and (c) threatened immediate legal action, including injunctive relief." *Id.*

Butler pleads that the flooding issue and threatened legal action were news to him because, before the purchase and as part of the purchase contract ("the Contract") Butler and the Currys executed for the Property on July 20, 2020, the Currys provided him a sellers' disclosure statement ("the Disclosure") as required by Texas Property Code § 5.008. *Id.* ¶ 9. The disclosure statement was dated October 2019 and "represented that [the Currys] had no knowledge related to any . . . flooding . . . and/or litigation related to the Property." *Id.*

Butler claims that "[t]he Currys' decision to provide [Butler] with sellers' disclosures from 2019 [(before the owners of the Neighboring Properties threatened to sue over the flooding)], as opposed to up-to-date disclosures as of July 2020, was an apparent attempt to avoid disclosing . . . the ongoing dispute, the underlying water issues, and the expressed threat of litigation. . . . [and to] induce him into purchasing the Property." *Id.* ¶ 14. In December 2021, he filed the instant suit bringing claims for common-law fraud, statutory fraud, fraud by nondisclosure, and breach of contract against the Currys, and seeking recission of the Contract plus other damages, costs, and fees.

*Id.* at 5–9.

Soon after Butler filed suit, the Currys filed a motion to dismiss his claims. Doc. 11, Mot. Dismiss. Butler timely responded. Doc. 15, Resp. The Currys did not file a reply and their time to do so has passed. The motion is therefore ripe for determination and the Court considers it below.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff's complaint fails to state such a claim, Rule 12(b)(6) allows a defendant to file a motion to dismiss. Fed. R. Civ. P. 12(b)(6).

Generally, in analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotations omitted). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). However, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Where a party alleges fraud, a higher pleading standard applies to some elements of the claim.

*See* Fed. R. Civ. P. 9(b); *Iqbal*, 556 U.S. at 686–87 (noting "that Rule 9(b) requires particularity when pleading 'fraud or mistake'" but that "the less rigid—though still operative—strictures of Rule 8" still apply to the fraudulent intent element of such claims). "[A] party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The amount of particularity required differs from case to case. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific"). A traditional fraud claim requires pleading the "'who, what, when, where, and how' of the alleged fraud." *United States ex. rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890, 892 (5th Cir. 2013) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

## III.

## ANALYSIS

Below, the Court considers the Currys' challenges to each of Butler's claims. The Court denies the motion to dismiss as to the common-law fraud, fraud by nondisclosure, and breach-of-contract claims, and grants the motion as to the statutory-fraud claim but grants Butler leave to file an amended complaint to correct the deficiency identified in that claim.

A.  *Common-Law Fraud*

Texas law establishes four elements of a common-law fraud claim:

> (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. The fourth element has two requirements: the plaintiff must show that it actually relied on the defendant's representation and, also, that such reliance was justifiable.

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (citations omitted).

The Currys claim that Butler has not pleaded his common-law fraud claim with the particularity required by Rule 9(b) but has too generally alleged that the Currys committed fraud by providing the Disclosure. Doc. 11-1, Br. Mot. Dismiss, 6–7. The Currys cite two cases in support of their argument: *Liberty Bankers Life Ins. Co. v. Lenhard*, 2018 WL 4026339 (N.D. Tex. Apr. 9, 2018) and *Krames v. Bohannon Holman, LLC*, 2009 WL 762205 (N.D. Tex. Mar. 24, 2009). Butler responds that he has alleged the "who, what, when, where, and how" required under Rule 9(b), and that he has sufficiently pleaded each element of his claim. Doc. 15, Resp., 6–12. He claims that the *Lenhard* and *Krames* cases are inapposite. *Id.* at 12.

The Court finds that Butler's common-law fraud claim is pleaded with sufficient particularity to satisfy Rule 9(b). Unlike the plaintiffs in *Lenhard*, who "d[id] not specifically identify the allegedly false statements or explain why they were false," or the plaintiffs in *Krames*, whose pleadings did not identify specific fraudulent statements or the specific speakers to whom the statements were attributed, Butler pleads that the Currys (the who) provided the Disclosure that falsely affirmed that the Property had no issues with "flooding" or "litigation" (the what), in July or August 2020 as part of the Contract (the where and the when), in order to induce Butler to consummate his purchase of the property and rid the Currys of a looming litigation threat (the how). Doc. 1, Compl., ¶¶ 9–10, 14; *see Lenhard*, 2018 WL 4026339, at *6; *Krames*, 2009 WL 762205, at *8–9 (noting that Rule 9(b) requires a complaint to specifically allege "'newspaper questions' ('who, what, when, where, and how') of the alleged fraud") (citing *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir.1994)). Further, taking Butler's pleadings as true, he sufficiently alleges each element of this claim: the

Disclosure was a material misrepresentation, the Currys knew the Disclosure was false when they provided it to him, their intention was to induce him into the sale and for him to rely on the Disclosure, and he did reasonably rely on the Disclosure and was injured thereby because he did not have the opportunity to exercise his right to terminate the purchase. Doc. 1, Compl., ¶¶ 23–29. Therefore, the Court **DENIES** the motion as to this claim.

B.     *Statutory Fraud*

The Currys claim that Butler's statutory-fraud claim should be dismissed because he "does not identify a single statute that [the Currys] allegedly violated." Doc. 11-1, Br. Mot. Dismiss, 8. Butler responds that the elements of the statutory-fraud claim largely mirror those of a common-law fraud claim and that if the Court finds that claim sufficiently pleaded then the same should be true for this one. Doc. 15, Resp., 13. Butler also responds that "only one statute in Texas [grants] a cause of action for fraud in connection with real estate . . . [so] given the specific allegations supporting the claim [Doc. 1, Compl., ¶¶ 30–37] it is obvious that the facts and recitation of the elements state a claim for violation of Section 27.01 of the Texas Business and Commerce Code." *Id.* at 13. In the alternative, Butler requests "leave to file an amended pleading identifying Section 27.01 of the Texas Business and Commerce Code by name." *Id*. at 13 n.3.

The Court agrees with Butler that this deficiency is easily remedied, that the Currys should not have had difficulty identifying the statutory provision at issue, and that the statutory-fraud claim—like the common-law fraud claim—is otherwise sufficiently pleaded. The Court also agrees with Butler that a motion for a more definite statement would be an appropriate vehicle by which to raise this issue.

However, the Court agrees with the Currys (though they cite no supporting case law) that

a statutory-fraud claim must identify the statutory provision on which it is based. *Cf. Halton v. Select Portfolio Servicing, Inc.*, 2019 WL 1243923, at *4 (N.D. Tex. Mar. 3, 2019) (finding a statutory-fraud claim insufficiently pleaded where the plaintiff identified the statute only by "name . . . or acronym"), *report & recommendation adopted by* 2019 WL 1243143 (N.D. Tex. Mar. 18, 2019). Accordingly, as requiring a motion for more definite statement would not serve judicial efficiency in this case, the Court **GRANTS** the motion to dismiss this claim and **GRANTS LEAVE** for Butler to file an amended complaint naming the statute. *See* Fed. R. Civ. P. 15(a)(2).

C.    *Fraud by Nondisclosure*

The material-misrepresentation element of a Texas-law fraud claim "can be met if the defendant concealed or failed to disclose a material fact when a duty to disclose existed." *United Tchr. Assocs. Ins. Co. v. Union Lab. Life Ins. Co.*, 414 F.3d 558, 566 (5th Cir. 2005). Thus, "[f]raud by non-disclosure is simply a subcategory of fraud . . . where a party has a duty to disclose" material facts and fails to do so. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997).

The Currys claim that Butler's fraud by nondisclosure claim fails because "the Complaint fails to allege with particularity facts that give rise to a duty on the part of [the Currys] to disclose any information in question" or "what information [the Currys] should have disclosed and when." Doc. 11-1, Br. Mot. Dismiss, 9. Butler responds that as sellers of real estate, the Currys had a duty to disclose under Section 5.008 of the Texas Property Code and that their partial disclosure regarding conditions of litigation and flooding related to the property further triggered a "duty to make those disclosures *full and complete*." Doc. 15, Resp., 14–15. Butler also asserts that his pleadings sufficiently allege "what the Currys should have disclosed and when." *Id.* at 16.

The Court finds that Butler has sufficiently pleaded that the Currys owed a duty to disclose

the Valve-related flooding issues and threatened litigation under Section 5.008 of the Texas Property Code, and that their duty to make full disclosure regarding these conditions was triggered by the partial disclosures required on the Disclosure form. *See Holt v. Robertson*, 2008 WL 2130420, at *4 (Tex. App.—Amarillo May 21, 2008, no pet.) (finding that a reasonable jury could have found that a seller had a duty to disclose conditions not listed on the sellers' disclosure and that the seller had knowledge of those undisclosed conditions). He pleads that the Disclosure form was provided by the Currys as required by Section 5.008 of the Texas Property Code, Doc. 1, Compl., ¶ 9, and that the Disclosure did not disclose the Valve-related flooding and litigation issues, issues that would have been material to his decision to purchase the Property. *Id.* ¶¶ 9, 14, 28, 44–45.

Therefore, the Court **DENIES** the motion to dismiss this claim.

D.   *Breach of Contract*

"To establish a breach-of-contract[ ]claim under Texas law, a plaintiff must show: '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Wells v. Minn. Life Ins. Co.*, 885 F.3d 885, 889 (5th Cir. 2018) (quoting *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 579 (5th Cir. 2015)).

The Currys cursorily claim that Butler "fails to identify the elements of a breach of contract with sufficient specificity to state a plausible claim for relief." Doc. 11-1, Br. Mot. Dismiss, 9. Butler responds that the Currys provide "essentially no argument" for why the Complaint insufficiently alleges this claim. Doc. 15, Resp., 16.

The Court finds that Butler has sufficiently stated a claim for breach of contract by alleging (1) that he and the Currys executed the Contract, Doc. 1, Compl., ¶ 9, Doc. 1-3, Contract; (2) he

performed by completing the Purchase, Doc. 1, Compl., ¶ 10; (3) the Currys defaulted on their performance by making untrue representations in the Disclosure regarding the absence of flooding or litigation issues, *id.* ¶¶ 11–12, and that this contractual requirement survived closing, *id.* ¶¶ 12, 50; and (4) Butler suffered harm due to the breach. *Id.* ¶ 19.

Therefore, the Court **DENIES** the motion to dismiss this claim.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** the Currys' Rule 12(b)(6) Motion to Dismiss (Doc. 11). Specifically, the Court **DENIES** the motion to dismiss the common-law fraud, fraud by nondisclosure, and breach-of-contract claims, and **GRANTS** the motion as to the statutory-fraud claim. Additionally, the Court **GRANTS** Butler leave to file **WITHIN FOURTEEN DAYS** of this Order an amended complaint to correct the deficiency identified in that claim.

**SO ORDERED**.

**SIGNED: April 19, 2022.**

*[signature]*
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE